UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ROBERT B. LEGGAT,

                Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES,
INC., et al.,

                Defendants.

Action No. 3:09–CV–263

MEMORANDUM OPINION

THIS MATTER comes before the Court on Chase Auto Finance Corporation's ("Chase") Motion to Dismiss Count Nineteen for Failure to State a Claim. For the reasons stated below, the Motion will be GRANTED, and Count Nineteen will be DISMISSED.

I.  BACKGROUND

In 2005, Plaintiff, Robert Leggat, entered into a contract for financing of a 1995 Jeep Grand Cherokee. The contract was ultimately assigned to Defendant Chase. In 2006, Chase repossessed and sold Plaintiff's car at auction.[1] Plaintiff asserts that Chase failed to comply with Virginia's Article 9 provisions when it repossessed the

---

[1] The specific dates of repossession and sale of the vehicle are omitted from the Complaint. However, Chase attached an affidavit to the Motion to Dismiss verifying that the repossession took place in July 2006, and the sale took place in August 2006. (Def. Chase's Mem. in Support Mot. to Dismiss Count Nineteen, Aff. ¶ 2.)

vehicle, and violated his rights by reporting false delinquent activity about the Plaintiff to the credit reporting agencies.

Plaintiff filed a twenty-two count Complaint on April 24, 2009, against Equifax Information Services, Experian Information Solutions, Trans Union, Chase, Mercantile Adjustment Bureau, and Sentry Credit, alleging violations of the Federal Fair Credit Reporting Act, the Federal Fair Debt Collection Practices Act, the Virginia Commercial Code, and defamation.

Chase filed this Motion asserting that the two-year statute of limitations for Article 9 violations has run, therefore Count Nineteen must be dismissed. Plaintiff contends that (1) the affidavit attached to the Motion to Dismiss should either be ignored or should convert this to a Motion for Summary Judgment, and (2) regardless of the posture of the Motion, violations of Article 9 are treated as breaches of sales contracts, subject to the Article 2 four-year statute of limitations, therefore Count Nineteen is not time barred.

## II.  ANALYSIS

A.  Standard of Review

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89, 93 (2007), as well as any facts that could be proved that are

consistent with those allegations, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). However, since the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must allege facts that show that its claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007) (requiring "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" (internal citations omitted)); see Fed. R. Civ. P. 8(a)(2). The court does not have to accept legal conclusions that are couched as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Rule 8(a)(2) requires a showing, not simply a blanket assertion, of "entitlement to relief." Twombly, 550 U.S. at 556 n.3; Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (holding that in order to have facial plausibility, the plaintiff must plead factual content leading toward the reasonable inference that the defendant is liable). However, the plaintiff is not required to show that it is likely to obtain relief; if the complaint alleges—directly or indirectly—each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Id. at 563 & n.8.

Normally, a court may not consider submitted documents outside the complaint to make a ruling on a Motion to Dismiss, unless the court converts the Motion to Dismiss into a Motion for Summary Judgment. Witthohn v. Fed. Ins. Co.,

164 F. App'x 395, 396–97 (4th Cir. 2006); see Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). However, "a court may consider official public records, documents central to a plaintiff's claim, and documents sufficiently referred to in the Complaint without converting the motion to dismiss into one for summary judgment, so long as the authenticity of such documents is not disputed." Witthohn, 164 F. App'x at 396–97; see Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc., No. 3:09cv32, 2009 WL 1608828, at *3 (E.D. Va. June 2, 2009). Therefore, a court may consider uncontested documents which are relevant to the disposition of a motion to dismiss. Am. Int'l Specialty Lines Ins. Co., 2009 WL 1608828, at *3.

B. The affidavit may be considered without converting the Motion

The Court will consider the information contained within the affidavit submitted by Defendant without converting the present motion to one for summary judgment. The Complaint—whether intentionally or inadvertently—omits the dates of repossession and sale of the vehicle at issue. However, these dates are central to Plaintiff's claim, and Chase's affidavit provides this critical information. Plaintiff acknowledges the information in the affidavit is correct and he does not dispute the affidavit's authenticity. Therefore, because the facts contained within the affidavit are central to Plaintiff's claim and are uncontested, the Court will consider them without conversion to summary judgment.

C. Count Nineteen is time barred

Defendant argues that Plaintiff's claim related to Article 9 of the Virginia U.C.C. is time barred because the general "catch-all" provision for time limitations applies, which gave Plaintiff two years to file his cause of action. Because Plaintiff filed this action in April 2009, more than two years after the repossession and sale, this claim is time barred. Plaintiff rebuts this argument by claiming that a creditor's violation of Article 9's notice and disposition requirements are implicit contract terms governed by Virginia's Article 2 sales contract provisions. Article 2 has a four-year period of statute of limitations, which would permit Plaintiff's claim to move forward.

The Court finds that a two-year statute of limitations applies in this case. Because section 8.9A-601 et seq., Virginia's version of Article 9 of the U.C.C., does not contain a specific time limitation for bringing an action for liability, Virginia law applies a "catch all" two-year statute of limitations. See Va. Code Ann. § 8.01-248.

Plaintiff's claim that a creditor's violation of Article 9's notice and disposition requirements is breach of an implicit contract term governed by Article 2 is incorrect. First, Plaintiff's Complaint clearly states that Count Nineteen asserts a violation of U.C.C. Article 9. It is entitled "U.C.C. Article 9," and alleges:

> The unlawful repossession described herein violated Article 9 of the Virginia Uniform Commercial Code.
>
> Upon the above violation, the Defendant is liable to the Plaintiff for statutory liquidated damages, under Virginia Code § 8.9A-625 in an amount equal to the total finance charge on the Chase loan plus 10% of its principal.

5

(Compl. ¶¶ 124–25 (emphasis added).) From a plain reading of this language, Plaintiff is unequivocally asserting that Chase violated Article 9 of the Virginia U.C.C., not Article 2. If Plaintiff wished to claim a violation of a sales contract governed by Article 2, he has had ample time and opportunity to do so. Moreover, Article 9 of the Virginia Commercial Code governs transactions creating a security interest in personal property by contract. Va. Code Ann. § 8.9A-109(a)(1). Article 2 applies to transactions in goods, but not "any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only a security transaction." Va. Code Ann. § 8.2-102. The allegations against Chase surround a security interest contract for personal property, clearly governed by Article 9, and expressly excluded from Article 2. Therefore, Plaintiff is bound by the two-year statute of limitations applicable to Article 9.

The submitted affidavit from the Vice President of Chase makes it very clear that the repossession of the vehicle took place in July 2006, and the sale of the vehicle took place in August 2006. Plaintiff filed his Complaint on April 24, 2009, more than two years after both of these events. For this reason, Count Nineteen has been filed out of time and is, therefore, time barred. Accordingly, Chase's Motion to Dismiss Count Nineteen will be GRANTED.

### III. CONCLUSION

For the reasons stated above, Chase's Motion to Dismiss Count Nineteen will be GRANTED and Count Nineteen will be DISMISSED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this  6th  day of August 2009